| | |
|---|---|
| BP PRODUCTS NORTH AMERICA INC., A Maryland corporation, | UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA |
| | CASE NO.: 6:06-cv-491-Orl-19DAB |
| Plaintiff, | |
| vs. | **BP'S MOTION TO ENFORCE OAKRIDGE AND QURESHI'S COMPLIANCE WITH SETTLEMENT AGREEMENT AND INCORPORATED MEMO OF LAW** |
| OAKRIDGE AT WINEGARD, INC., a Florida corporation; MAHAMMAD QURESHI, an individual; and PACIFIC ENERGY, INC., a Florida corporation, | |
| Defendants. _____/ | |

BP Products North America Inc. ("BP"), pursuant to M.D. Fla. L.R. 3.01, hereby moves this Court for entry of an order compelling Oakridge at Winegard, Inc. ("OAKRIDGE") and Mahammad Qureshi ("QURESHI") to comply with the settlement agreed to by the parties on July 28, 2006. BP also simultaneously submits the Declaration of Mark Blumstein, Esq., counsel for BP, for the Court to consider in support of this motion.[1]

## I.

## FACTUAL BACKGROUND

1. The parties mediated this matter pursuant to court order on Saturday, July 22, 2006. The mediation did not result in settlement (**Blumstein Dec. ¶2**).

2. The court-appointed mediator declared an impasse on or about Tuesday, July 25 (DE 78).

---

[1] BP refers to the declaration in this motion as "Blumstein Dec."

3. Because this matter had not settled, BP deposited $200,000.00 into escrow with OAKRIDGE and QURESHI's escrow agent, Riggio & Mitchell, P.A., in furtherance of the right of first refusal BP exercised to buy a service station from OAKRIDGE (**Blumstein Dec. ¶4**).

4. Counsel for OAKRIDGE and QURESHI confirmed their escrow agent received BP's $200,000.00 deposit (**Blumstein Dec. ¶5**).

5. In light of the then existing impasse, the parties continued efforts to agree on a Case Management Report to be filed with the Court in accordance with M.D. Fla. L.R. 3.05. By Thursday, July 27, the parties agreed to a Case Management Report and BP was preparing it for filing with the Court (**Blumstein Dec. ¶6**).

6. Following agreement on the Case Management Report, counsel for OAKRIDGE and QURESHI requested to renew settlement discussions with the parties. This request was made via electronic mail at 11:25 pm on Thursday, July 27 (**Blumstein Dec. ¶7**, **Ex. A**).

7. The parties' counsel engaged in multiple telephone conferences on Friday, July 28 resulting in a settlement of this action which the parties memorialized – as to all material terms - in a letter dated Friday, July 28 prepared by counsel for BP ("Settlement") (**Blumstein Dec. ¶¶8-10, Ex. B**).

8. OAKRIDGE and QURESHI agreed to settle the case by paying BP $263,616.95 within thirty (30) days – all funds to be paid to BP by OAKRIDGE and/or QURESHI. Further, BP was to receive back its Escrow without penalty, and Pacific Energy, Inc. ("PACIFIC") was to retain ownership of the Premises (**Id.**).

9. Counsel for Pacific Energy, Inc. ("PACIFIC") acknowledged receipt of and agreement to the Settlement via electronic mail on Friday, July 28 (**Blumstein Dec. ¶11**, **Ex. C**).

10. Counsel for OAKRIDGE and QURESHI did not take issue with the Settlement, but added some additional requirements consistent with the Settlement and without objection by BP via electronic mail on Friday, July 28 (**Blumstein Dec. ¶12**, **Ex. D**).

11. Upon Settlement, BP suspended pursuing its right of first refusal to buy the Premises from OAKRIDGE, including due diligence, environmental tests, an appraisal and survey (**Blumstein Dec. ¶13**).

12. During the first week of August 2006, counsel for BP prepared a formal Settlement Agreement and Mutual Limited Release to conclude this matter (**Blumstein Dec. ¶14**).

13. Counsel for PACIFIC amended and revised the formal settlement agreement on or about Tuesday, August 8 (**Id.**).

14. BP responded with some minor amendments and revisions to same (**Id.**).

15. On Friday, August 11, the parties' counsel participated in a telephonic conference to finalize the formal settlement agreement. It was at this time that counsel for OAKRIDGE and QURESHI revealed for the first time that payment to BP was not to be made as set forth in the Settlement. OAKRIDGE and QURESHI's refusal to pay under the terms of the settlement is memorialized in a letter from counsel for OAKRIDGE and QURESHI (**Blumstein Dec. ¶¶15-16, Ex. E**).

16. BP and PACIFIC filed a Notice of Settlement on Monday, August 14 (DE 83 and 84).

## II.

## MEMORANDUM OF LAW

### A. LEGAL STANDARD

Florida law governs the construction and enforcement of a settlement agreement. *Blum v. Morgan Guaranty Trust Co.*, 709 F.2d 1463, 1467 (11th Cir. 1983); *Lee v. Hunt*, 631 F.2d 1171, 1174 (5th Cir. 1980). Settlement agreements are favored under Florida law. *Konica Minolta Photo Imaging, U.S.A., Inc. v. Sonman, Inc. et al.*, 2005 U.S. Dist. LEXIS 19866 (M.D. Fla. 2005) (enforcing oral settlement agreement made pursuant to oral representations of counsel before the court); *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (recognizing public policy in favor of settlement agreements). A settlement agreement, once proved, is not subject to repudiation and may be enforced summarily. *Silva v. Silva*, 467 So.2d 1065 (Fla. 3d DCA 1985). Even oral settlement agreements between the parties' attorneys are enforceable. *Dania Jai-Alai Palace, Inc. v. Sykes*, 495 So.2d 859, 862 (Fla. 4th DCA 1986). Further, once a party accepts the benefit of a settlement agreement, it is estopped to attack it. *See In re Sav-A-Stop Inc.*, 124 B.R. 356 (M.D. Fla. 1991).

### B. ARGUMENT

Shortly after the mediator declared an impasse, counsel for OAKRIDGE and QURESHI re-opened settlement discussions on July 27. The parties reached a settlement agreement under Florida law on July 28 - the terms of which are spelled out in writing and make for a settlement. No party raised any material dispute.

In reliance thereon, BP suspended efforts to pursue its right of first refusal to buy the gasoline service station at issue, including due diligence, environmental tests, an appraisal and survey. Instead, BP focused its efforts on preparing the formal settlement agreement to be executed by the parties and to close this case.

During early August 2006, BP prepared and circulated the formal settlement agreement to the parties. PACIFIC made minor revisions which are incorporated into the formal settlement agreement. OAKRIDGE and QURESHI did not make any material revisions. At a final conference call between counsel on August 11, counsel for OAKRIDGE and QURESHI announced for the first time new payment terms to the Settlement, refused to sign it otherwise and now continue to hold BP's escrow funds.

OAKRIDGE and QURESHI may not now alter the material terms of the Settlement especially after initiating and entering into the settlement agreement, allowing the lapse of two weeks without dispute of any material terms, and following BP's material change by suspending its efforts to exercise its right of first refusal.

### III.

### CONCLUSION

BP respectfully requests this Court order OAKRIDGE and QURESHI to comply with the Settlement, as well as award BP its attorneys' fees and costs in furtherance of enforcement of the Settlement, prejudgment interest from the date the Settlement funds became due and any further relief this Court deems just and proper. In the event the Court denies this motion, BP requests that the Court, in the interest of justice, toll the period from July 28, 2006 until resolution of this motion as it pertains to BP's right of first refusal to buy the service station from OAKRIDGE as well as any court-ordered deadlines set forth in the Case Management and Scheduling Order (DE 82).

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with M.D. Fla. L.R. 3.01(g), the undersigned has conferred with opposing counsel for OAKRIDGE and QURESHI who does not agree to resolution of the motion.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing notice has been furnished via CM/ECF this 15th day of August, 2006 to: **Lee H. Schillinger, Esquire**, Law Office of Lee H. Schillinger, P.A., 4601 Sheridan Street, Suite 202, Hollywood, FL 33021-3432; and **Kathryn D. Weston, Esquire**, Cobb & Cole, 150 Magnolia Avenue, P.O. Box 2491, Daytona Beach, FL 32115-2491.

> GORDON HARGROVE & JAMES, P.A.
> *Attorneys for BP Products North America Inc.*
> 2400 East Commercial Boulevard, Suite 1100
> Fort Lauderdale, Florida 33308
> Telephone:   (954) 958-2500
> Facsimile:   (954) 958-2513
>
> By:   s/ MARK BLUMSTEIN
>   Moises Melendez, Esq.
>   Florida Bar No. 0908835
>   mmelendez@ghj.com
>   Mark Blumstein, Esq.
>   Florida Bar No. 0090700
>   mblumstein@ghj.com