UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BP PRODUCTS NORTH AMERICA INC.,
A Maryland corporation,

        Plaintiff,

vs.

OAKRIDGE AT WINEGARD, INC., a
Florida corporation; MAHAMMAD
QURESHI, an individual; and PACIFIC
ENERGY, INC., a Florida corporation,

        Defendants.
_____/

CASE NO.: 6:06-cv-491-0rl-19DAB

**Oral Argument Requested**

### PACIFIC ENERGY, INC.'S MOTION TO ENFORCE COMPLIANCE WITH SETTLEMENT AGREEMENT AND INCORPORATED MEMO OF LAW

Pacific Energy, Inc. ("PACIFIC"), pursuant to M.D. Fla. L.R. 3.01, hereby moves this Court for entry of an order compelling Oakridge at Winegard, Inc. ("OAKRIDGE") and Mahammad Qureshi ("QURESHI") to comply with the settlement agreed to by the parties on July 28, 2006. PACIFIC also simultaneously submits the Declaration of Kathryn D. Weston, Esq., counsel for PACIFIC, for the Court to consider in support of this motion.

### I.

### FACTUAL BACKGROUND

1.     The parties mediated this matter pursuant to court order on Saturday, July 22, 2006. The mediation did not result in settlement (Weston Dec. ~ 2)[1].

2.     On Thursday, July 27 at 11:25 p.m., counsel for OAKRIDGE and QURESHI

---

[1] This motion cites the Declaration of Kathryn D. Weston, which was filed in conjunction with this motion. The form for the citation is (Weston Dec. ~ [Paragraph Number]).
039420-013 : KWEST/JSKEE : 00498845.WPD; 1

requested, via electronic mail, to renew settlement discussions with the parties. (Weston Dec. ~ 3)

3. The parties' counsel engaged in settlement discussions on July 28 resulting in a settlement of this action (the "Settlement"). Counsel for BP prepared a letter memorializing the terms of the Settlement in a letter dated Friday, July 28, which was sent to counsel for OAKRIDGE and QURESHI and me later that day. (Weston Dec. ~ 4-5).

5. On July 28, I acknowledged receipt of and agreement to the letter setting forth the terms of the Settlement via electronic mail and amplified one of the terms of the Settlement which was implicit in the July 28 letter, but not explicitly spelled out. (Weston Dec. ~6).

6. During the first week of August 2006, counsel for BP prepared a formal Settlement Agreement and Mutual Limited Release (the "Settlement Agreement") to conclude this matter, a copy of which I received on August 4 (Weston Dec. ~7).

7. I revised the Settlement Agreement, making minor and non-material changes thereto, and circulated the revised Settlement Agreement to counsel for BP and counsel for OAKRIDGE and QURESHI on August 8 (Weston Dec. ~8).

8. On August 9, I conferred by telephone with counsel for BP about the revisions that I had made to the Settlement Agreement. Counsel for BP made several more minor and non-material changes to the Settlement Agreement and forwarded another revised draft Settlement Agreement to me on Thursday, August 10 (Weston Dec. ~9).

9. On Friday, August 11, the parties' counsel participated in a telephonic conference to finalize the Settlement Agreement. During this telephone conference of Friday, August 11, Mr. Schillinger expressed for the first time that OAKRIDGE and/or QURESHI would not be able to pay the monies required by the Settlement within the thirty (30) days that had been agreed to and that he had *assumed* that PACIFIC would be paying some portion of the monies

due to BP from OAKRIDGE or QURESHI pursuant to the terms of the Settlement. (Weston Dec. ~10-11).

10. BP and PACIFIC filed Notices of Settlement on Monday, August 14, which indicated that the a dispute had now arisen among the parties as to the terms of the settlement agreement that had been reached.

## II.

## MEMORANDUM OF LAW

### A. LEGAL STANDARD

Florida law governs the construction and enforcement of a settlement agreement. *Blum* v. *Morgan Guaranty Trust Co.,* 709 F.2d 1463,1467 (11th Cir. 1983); *Lee* v. *Hunt,* 631 F.2d 1171, 1174 (5th Cir. 1980). Settlement agreements are favored under Florida law. *Konica Minolta Photo Imaging, US.A., Inc.* v. *Sonman, Inc. et aI.,* 2005 U.S. Dist. LEXIS 19866 (M.D. Fla. 2005) (enforcing oral settlement agreement made pursuant to oral representations of counsel before the court); *Robbie* v. *City of Miami,* 469 So.2d 1384, 1385 (recognizing public policy in favor of settlement agreements). A settlement agreement, once proved, is not subject to repudiation and may be enforced summarily. *Silva* v. *Silva,* 467 So.2d 1065 (Fla. 3d DCA 1985). Even oral settlement agreements between the parties' attorneys are enforceable. *Dania Jai-Alai Palace, Inc.* v. *Sykes,* 495 SO.2d 859, 862 (Fla. 4th DCA 1986). Further, once a party accepts the benefit of a settlement agreement, it is estopped to attack it. *See In re Sav-A-Stop Inc.,* 124 B.R. 356 (M.D. Fla. 1991).

### B. ARGUMENT

Shortly after the mediator declared an impasse after mediation on July 22, counsel for OAKRIDGE and QURESHI reopened settlement discussions on July 27. The parties reached a settlement agreement under Florida law on July 28, with adequate consideration being offered by

each of the parties and accepted by the other parties. The terms of the contractual Settlement were memorialized in writing, see Exhibit "A" to Weston Dec., and make for a complete settlement.

On August 4, BP prepared and circulated the draft formal settlement agreement to the parties. I made minor and non-material revisions to the Settlement Agreement and circulated my revisions to counsel for all parties. OAKRIDGE and QURESHI at no time commented on my revisions to the Settlement Agreement. On August 11, in a formal conference call between all parties, counsel for OAKRIDGE and QURESHI attempted to modify the terms of the Settlement reached two weeks earlier by the parties.

The parties reached a Settlement, with adequate consideration being offered by each of the parties and accepted by the other parties. OAKRIDGE and QURESHI may not now alter the material terms of the Settlement especially after initiating and entering into the Settlement and allowing the lapse of two weeks without disputing of any material terms.

## III.

## CONCLUSION

PACIFIC respectfully requests this Court order OAKRIDGE and QURESHI to comply with the Settlement and grant such further relief as this Court deems just and proper. PACIFIC also respectfully requests this Court, pursuant to Local Rule 3.01(d), entertain oral argument not exceeding thirty minutes on this and BP's companion motion to enforce the Settlement

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with M.D. Fla. L.R. 3.01(g), the undersigned has conferred with opposing counsel for OAKRIDGE and QURESHI who does not agree to resolution of the motion.

039420-013 : KWEST/JSKEE : 00498845.WPD ; 1

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing notice has been furnished via CM/ECF this 21st day of August, 2006 to: **Lee H. Schillinger, Esquire,** Law Office of Lee H. Schillinger, P.A., 4601 Sheridan Street, Suite 202, Hollywood, FL 33021-3432; and **Mark Blumstein**, Esquire, Gordon Hargrove & James, P.A., 2400 East Commercial Blvd., Suite 1100, Fort Lauderdale, FL 33308.

Cobb & Cole

By: s/ Kathryn D. Weston
KATHRYN D. WESTON
FLA. BAR NO. 0897701
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 255-8171
Facsimile: (386) 248-0323
ATTORNEYS FOR DEFENDANT, PACIFIC ENERGY, INC.